UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CAPORUSCIO and
TAMMY CAPORUSCIO,
    Plaintiffs,
-vs.-                                     **DEMAND FOR JURY TRIAL**

SHERMETA, ADAMS AND VON ALLMEN, P.C.,
a Michigan professional corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Shermeta, Adams and Von Allmen which is a Michigan professional corporation that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Sanilac County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt owed by Plaintiff to Capital One Bank in the amount of $1,029.00 ("The Debt").

7. On or about December 14, 2007, Defendant sued Plaintiff and obtained a Judgment for the Debt.

8. Plaintiff entered into a payment arrangement with Defendant and has been making payments of $25 per month.

9. Plaintiff has periodically called Defendant, between the date of the Judgment and present, to inquire the balance of her account.

10. On or about mid December, 2012, Plaintiff called Defendant regarding her account. The Defendant told her the outstanding balance was over $1,000. Plaintiff then asked Defendant how she could still owe over $1,000 on a $1,485 debt which she has already paid $1,215 towards. Defendant replied that this was due to the interest on the debt and suggested Plaintiff pay off the balance in a lump sum. When Plaintiff asked about the interest rate, Defendant told her: "We are lawyers for Capital One Bank and therefore, may apply the same interest rate that you had on the credit card." This is factually incorrect as interest on judgments is capped at 13% per annum, simple interest.

11. Defendant has made similar misrepresentations during the course of Plaintiff's payment arrangement.

12. The interest rate on the Judgment entered against Plaintiff is 13%, simple interest. The credit card Plaintiff had through Capital One accrued interest at 17% per annum.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

April 17, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff